IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**BILLY JONES**                                                                                                     **PLAINTIFF**

v.                                        **Case No. 4:19-cv-00944-KGB-ERE**

**WENDY KELLEY,**
**Director, Arkansas Department**
**of Correction,** *et al.*                                                                                         **DEFENDANTS**

## ORDER

The Court has received the Partial Recommended Disposition submitted by United States Magistrate Judge Beth Deere (Dkt. No. 56).[1] In the Partial Recommended Disposition, Judge Deere recommends that the Court grant the motion for summary judgment of defendants Wendy Kelley, Yolanda Clark, James Gibson, and Dexter Payne ("ADC defendants") based on plaintiff Billy Jones's failure to exhaust grievances as to the claims he raises against them in his complaint (*Id.*, at 7). Mr. Jones filed objections to the Partial Recommended Disposition (Dkt. No. 58). For the reasons discussed below, after a review of the Partial Recommended Disposition, Mr. Jones's objections, as well as a *de novo* review of the record, the Court adopts the Partial Recommended Disposition as its findings in all respects.

The Partial Recommended Disposition recommends that the Court grant the ADC defendants' partial motion for summary judgment because Mr. Jones did not exhaust his administrative remedies as to the constitutional claims he brings against the ADC defendants, in violation of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). (Dkt. No. 56, at 2-7). The ADC defendants concede that Mr. Jones did exhaust five medical grievances and three non-medical grievances relevant to the claims in this lawsuit, but Mr. Jones did not identify any

---

[1] After Judge Deere entered the Partial Recommended Disposition, the case was reassigned to United States Magistrate Judge Edie R. Ervin (Dkt. No. 57).

of the ADC defendants by name or title in any of these medical grievances (Dkt. No. 52-2, ¶¶ 4-8, 52-3, ¶¶ 5-9).

Further, the ADC defendants assert, and Mr. Jones does not contest, that Administrative Directive 14-16 of the Arkansas Department of Correction ("ADC") requires inmates, when submitting grievances, to "name each individual involved for a proper investigation and response to be completed by ADC." (Dkt. No. 52-1, at 4-5).  Administrative Directive 14-16 also warns inmates that, if they fail to name "all parties during the grievance process," they "may have their lawsuit or claim dismissed by the court . . . for failure to exhaust against all parties." (*Id*.).  As the prison's grievance procedures "define the boundaries of proper exhaustion" under the PLRA, *Jones v. Bock*, 549, U.S. 199, 218 (2007), Mr. Jones is required to follow Administrative Directive 14-16 in order to exhaust his administrative remedies.  Accordingly, the Partial Recommended Disposition concludes that, because grievances Mr. Jones filed related to his claims in this lawsuit do not identify the ADC defendants by name or title, Mr. Jones failed to exhaust his administrative remedies as to his claims against the ADC defendants.

In his objections to the Partial Recommended Disposition, Mr. Jones's claims that Judge Deere should have granted his motion for assistance of counsel (Dkt. No. 58).  Mr. Jones also contends that the Court should "see the uphill battle that is placed on any inmate in the Arkansas Department of Correction.  Any and all decisions that are made have a chain of command that would involve Clark, Gibson, Payne, [and] Kelley in that order." (Dkt. No. 58, at 5-6).  Additionally, Mr. Jones asserts that defendant Estella Bland "should be held responsible for her actions to not provide adequate [and] reasonable care" (*Id.*, at 6).

As set forth in Judge Deere's prior Orders, this is a civil case and, unlike in criminal cases, there is no right to have an appointed lawyer (Dkt. Nos. 2, 36).  Mr. Jones has adequately

represented himself thus far in this lawsuit (*Id*.). Further, Mr. Jones was not entitled to counsel during the grievance process, which is at issue in the ADC defendants' motion for summary judgment. Judge Deere's denial of Mr. Jones's request for appointed counsel is not grounds to reject Judge Deere's Partial Recommended Disposition.

Mr. Jones presents no evidence in his objections that he named the ADC defendants in his medical or non-medical grievances related to his claims in this lawsuit. Defendant Estella Bland remains a defendant in this lawsuit, and she has not, at this stage, filed a motion for summary judgment. Accordingly, given that the record is bereft of any evidence that Mr. Jones identified the ADC defendants by name in his exhausted medical and non-medical grievances related to this lawsuit as required by ADC policy, the Court agrees with Judge Deere that Mr. Jones did not properly exhaust his administrative remedies as to the claims he has asserted against the ADC defendants.

After a review of the Partial Recommended Disposition, Mr. Jones's objections, as well as a *de novo* review of the record, the Court adopts the Partial Recommended Disposition as its findings in all respects (Dkt. No. 56). The Court therefore grants the ADC defendants' motion for summary judgment on exhaustion and dismisses without prejudice Mr. Jones's claims against Ms. Kelley, Ms. Clark, Mr. Gibson, and Mr. Payne (Dkt. No. 50). Mr. Jones may proceed with his claims against separate defendants Estella Bland and Denise Powell.

It is so ordered this 15th day of September, 2021.

_Kristine G. Baker_
Kristine G. Baker
United States District Judge